IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                  **No. CR 00-809 BB**

**JESUS GOMEZ-MENDES,**

    **Defendant.**

## MEMORANDUM OPINION
## AND
## ORDER DENYING SEVERANCE

**THIS MATTER** is before the Court on the motion of Defendant Jesus Gomez-Mendes to sever his case from trial with the other three Defendants. The Court having considered both the briefs and oral arguments of the parties, FINDS the motion not legally sustainable and it will be Denied.

### *Discussion*

Defendant is charged in a one-count indictment with assault on Forest Service Officer, Victor Apodaca, on May 28, 2000. Defendant's three brothers, Marcos Gonzalez-Mendes, Rafael Gonzalez-Mendes, and Juan Carlos Mendes, are also charged with the same offense, based on the indictment charging that they all

participated in the alleged assault.  On September 25, 2000, Defendant filed a motion requesting severance from his brothers.  Defendant requested severance from his co-Defendants on the basis that he claims he will call his brother Marcos Gonzalez-Mendes to testify on his behalf.  Defendant asserts his brother will then claim his Fifth Amendment privilege.  According to Defendant, brother Marcos will thereby become unavailable under Federal Rule of Evidence 804(b)(3), thus paving the way for a post-arrest statement which inculpates Marcos but exculpates Defendant Jesus.  Assuming Marcos asserts his Fifth Amendment privilege and thus becomes unavailable for purposes of Rule 804, *see Jennings v. Maynard*, 946 F.2d 1502, 1505 (10th Cir. 1991), Defendant still has tall hurdles to leap.

A very small portion of the statement of Marcos Gomez-Mendes[1] can be read as exculpatory of his younger brother Jesus.  However, this portion is clearly severable from anything that could be considered to be against the penal interest of Marcos.  In such a situation many courts have parsed the statement and admitted only those parts which are against penal interest.  *See, e.g., United States v. Price*, 134 F.3d 340, 347-48 (6th Cir.), *cert. denied*, 525 U.S. 845 (1998).  If this is done, nothing of benefit to Jesus would be admissible and indeed there

---

[1] A typed English translation of the handwritten statement is attached.

**would be almost nothing left from this statement because it primarily puts the blame for the altercation on Forest Service Officer Apodaca.**

**Moreover, in order to meet the admissibility standards of Rule 804(b)(3), the statement must be corroborated by other evidence.  *United States v. Perez*, 963 F.2d 314 (10th Cir. 1992).  No such evidence has been advanced in this case.  To the contrary, the surrounding circumstances do not corroborate either the reliability of the circumstances under which it was produced or its contents.[2] Rather than corroborating the trustworthiness of this statement, the self-serving attempt to exonerate a brother severely limits the likely admissibility of such evidence.  *United States v. Price, supra.***

**Finally, it is also clear that if this statement were admissible it would be strongly impeached.  For example, in his May 30th statement, Marcos stated that he struck the officer causing him to fall to the ground,  the officer then pulled his gun and started shooting.  In the statement attached to the severance motion, Marcos stays he pulled Officer Apodaca's shirt and then the officer pulled his gun**

---

[2]     The beginning of the statement appears to be Marcos' offer to plead guilty in exchange for his younger brother's freedom.  The statement immediately, however, flows into a justification of the assault on Officer Apodaca.

and fired four shots at them, and he attacked the officer becuse he was worried one of his brothers had been shot.

Based on the present record, then, the Court does not find any basis for the admission of the statement of Marcos Gomez-Mendes under Rule 804(b)(3) and therefore not a proper foundation for severance.

## O R D E R

For the above stated reasons, the motion to sever the trial of Jesus Gomez-Mendes is DENIED.

Dated at Albuquerque this 29th day of November, 2000.

                                                                    BRUCE D. BLACK
                                                                    United States District Judge

**Counsel for Plaintiff:**
    Louis A. Valencia, Assistant U.S. Attorney, Albuquerque, NM

**Counsel for Defendant:**
    Herman Ortiz, Las Cruces, NM
    Felipe D.J. Millan, El Paso, TX